UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>1) DERRICK PETTWAY and )<br>2) KAMERON WALLACE )<br>) | DOCKET NO. 3:25-cr-183-KDB<br><br>**BILL OF INDICTMENT**<br><br>Violations:<br>21 U.S.C. § 846<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 924(c) |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
*(Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine)*

From in or around December 2024 and continuing until on or about February 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

**1) DERRICK PETTWAY and
2) KAMERON WALLACE**

did knowingly and intentionally combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute (i) methamphetamine, (ii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), and (iii) a mixture and substance containing a detectable amount of cocaine, each being a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**Quantity of Methamphetamine Involved**

It is further alleged that, with respect to the conspiracy offense charged in Count One, fifty (50) grams or more of methamphetamine "actual" is attributable to each of **1) DERRICK PETTWAY** and **2) KAMERON WALLACE** as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to them. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to both **1) DERRICK PETTWAY** and **2) KAMERON WALLACE**.

### Quantity of Fentanyl Involved

It is further alleged that, with respect to the conspiracy offense charged in Count One, four hundred (400) grams or more of fentanyl is attributable to **2) KAMERON WALLACE** as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to **2) KAMERON WALLACE.**

### Quantity of Cocaine Involved

It is further alleged that, with respect to the conspiracy offense charged in Count One, five hundred (500) grams or more of cocaine is attributable to **2) KAMERON WALLACE** as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) is applicable to **2) KAMERON WALLACE.**

## COUNT TWO
*(Possession with Intent to Distribute Methamphetamine)*

On or about February 13, 2025, in Mecklenburg County, within the Western District of North Carolina,

**1) DERRICK PETTWAY,**

did knowingly and intentionally possess with an intent to distribute a quantity of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Methamphetamine Involved

It is further alleged that, with respect to defendant **1) DERRICK PETTWAY,** the offense charged in Count Two involved at least fifty (50) grams of "actual" methamphetamine. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

## COUNT THREE
*(Possession with Intent to Distribute Methamphetamine, Fentanyl, and Cocaine)*

On or about February 20, 2025, in Mecklenburg County, within the Western District of North Carolina,

**2) KAMERON WALLACE,**

2

did knowingly and intentionally possess with an intent to distribute a quantity of (i) methamphetamine, (ii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propanamide ("fentanyl"), and (iii) a mixture and substance containing a detectable amount of cocaine, each being a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Methamphetamine Involved

It is further alleged that, with respect to defendant **2) KAMERON WALLACE**, the offense charged in Count Three involved at least fifty (50) grams of "actual" methamphetamine. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

### Quantity of Fentanyl Involved

It is further alleged that, with respect to defendant **2) KAMERON WALLACE**, the offense charged in Count Three involved at least four hundred (400) grams of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

### Quantity of Cocaine Involved

It is further alleged that, with respect to defendant **2) KAMERON WALLACE**, the offense charged in Count Three involved at least five hundred (500) grams of cocaine. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### COUNT FOUR
*(Possession of a Machinegun in Furtherance of a Drug Trafficking Crime)*

On or about February 20, 2025, in Mecklenburg County, within the Western District of North Carolina,

**2) KAMERON WALLACE,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, Possession of a Controlled Substance with the Intent to Distribute, as set forth in Count Three of this Bill of Indictment and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

It is further alleged that said firearm was a machinegun, in violation of Title 18, United States Code, Section 924(c)(1)(B)(ii).

All in violation of Title 18, United States Code, Section 924(c).

## COUNT FIVE
*(Possession of a Machinegun)*

On or about February 20, 2025, in Mecklenburg County, within the Western District of North Carolina,

**2) KAMERON WALLACE,**

did knowingly possess a machinegun, as that term is defined in Title 18, United States Code Section 921(a)(24) and Title 26, United States Code, Section 5845(b), to wit an AR-type, 5.56 millimeter NATO caliber privately made firearm with no maker's marking or serial number, in violation of Title 18, United States Code, Section 922(o).

4

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All firearms or ammunition involved or used in such violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause that the following property is subject to forfeiture on the grounds noted above:

a. A black AR pistol chambered in 5.56/.223 caliber, displaying no assigned serial number;

b. $6,998.00 in U.S. currency seized on or about February 13, 2025;

c. $33,544.00 in U.S. currency seized on or about February 19, 2025; and

d. Ammunition and magazines seized in the course of the investigation.

A TRUE BILL:



FOREPERSON

DANA WASHINGTON
ATTORNEY FOR THE UNITED STATES

_____
EDWARD RYAN
ASSISTANT UNITED STATES ATTORNEY

_____
BRIAN M. KENNEY
ASSISTANT UNITED STATES ATTORNEY

6